## GALE and WIFE'S LESSEE v. HOUSTON.

Supreme Court.  Sussex.  October, 1795.

*Bayard's Notebook, 109.*

*Miller,* for the defendant, contended that the suit abated by the death of the wife; that the death of the wife determined the husband's interest, who had no actual seisin of the land during the life of the wife and therefore could not claim as tenant by the curtesy.  2 Bl.Comm. 127.  A seisin in law is not sufficient to make a tenant by the curtesy.  There must be a seisin in fact, 7 Vin.Abr. 149, pl. 9.  The entry to demand possession gave no seisin because there was an existing adverse possession which the entry did not remove.  The plaintiff's right therefore being determined, he cannot have judgment.

*Bayard,* for plaintiff, admitted the general principle that actual seisin was necessary to entitle the husband to be tenant by the curtesy, but contended that in this case the plaintiff, having entered in the lifetime of his wife, having been guilty of no laches to reduce the land into possession and having done all in his power to obtain seisin *prout lex postulat,* was entitled to be ten-

ant by the curtesy; and such was the doctrine laid down in Co. Litt. 29a, and cases are there stated in which the husband shall be tenant by the curtesy without seisin in deed where no industry could obtain such a seisin, on the principle, *impotentia excusat legem.* That a claim where the party cannot enter is an entry in law and equal to an entry in deed, Co.Litt. 253b. That such an entry must be followed by a seisin in deed, and upon this principle the seisin of the plaintiff was sufficient to make him tenant by the curtesy. The proceedings in ejectment suppose a lease to have been actually made, 3 Bl.Comm. 201, and if such lease had been made it would not have determined by the death of the wife. The term therefore subsists, and the plaintiff may recover accordingly. But at all events, though the plaintiff cannot recover the land, he may have judgment for damages. 9 Vin.Abr. 353, pl. 2; 2 Str. 1056. Lessor may recover where he will not be allowed to enter. 1 Term 759. Though the plaintiff have judgment, the execution is subject to the control of the court. 1 Burr. 366, 3 Burr. 1302, 9 Vin.Abr. 354, pl. 5.

[PER] CURIAM. We are of opinion that the plaintiff is not entitled to recover the term. There was no actual seisin of the land during the life of the wife, and of consequence the plaintiff did not become tenant by the curtesy upon her death. His right therefore to the land is determined, and as that appears upon the record, possession of the land cannot be recovered. The cases cited from Coke on Littleton are cases in which there could not be more than a seisin in law; that could not be said in this case. There was a present right to actual possession, and it might have been obtained though the lessor was unlucky enough to be kept out by the adverse possession of the defendant. The plaintiff, however, is entitled to judgment for damages and costs. This right survived upon the death of the wife and is distinct from the right to the land.

The judgment will be entered for the plaintiff generally, but the Court will award no execution for the term. But the plaintiff will be entitled to execution for damages and costs.